831 F.2d 293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas Owen BLAKELY, Petitioner-Appellant,
v.
John GLUCH, Respondent-Appellee.
 No. 87-1141
 United States Court of Appeals, Sixth Circuit.
 October 6, 1987.
 
 ORDER
 Before BOYCE F. MARTIN Jr. and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure. The district court judgment is reversed.
 
 
 2
 Petitioner appeals from a judgment denying his petition for writ of habeas corpus, 28 U.S.C. $2254. Petitioner, who is currently on parole, was charged with various narcotics offenses. He was found guilty bya jury of conspiracy to distribute heroin in violation of 21 U.S.C. Sec. 846. He pled guilty to distribution of heroin in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to seven years for the conspiracy conviction with a five year special parole term. This sentence was later modified to eliminate the five year special parole term. For his conviction of distribution of heroin, he was sentenced to eighteen months with a four year special parole term to be served retroactively and concurrently with the previous seven year term. This sentence was subsequently reduced to eight months; however, this subsequent amendment made no mention of the four year special parole. Later, petitioner was informed in a letter by the court that the four year special parole term still applied.
 
 
 3
 Petitioner argues here that the Bureau of Prisons may not require him to serve the four year special parole term after completion of the seven year prison sentence. He argues that either this special parole term was served while he was incarcerated or the term was eliminated altogether by the trial judge's order reducing his sentence.
 
 
 4
 When the original sentence was reduced an error occurred. The letter from the court could not repair the error. Certainly petitioner can be required to complete the four year special parole after he completes his institutional sentence. This error may be corrected upon a resentencing.
 
 
 5
 The writ of habeas corpus is granted conditioned upon a failure to resentence within ninety days.